IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOEL VELA | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 3-06-CV-1695-K |
| | § | |
| M. PHILLIPS | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM ORDER**

Defendant M. Phillips has filed a motion to dismiss this *pro se* prisoner civil rights action brought under 42 U.S.C. § 1983. As grounds for his motion, defendant contends that no facts are alleged by plaintiff in his complaint, supporting memorandum, or interrogatory answers which, if proved, give rise to an excessive force claim under Fourth Amendment to the United States Constitution. Rather, plaintiff alleges only that defendant, a Dallas police officer, "instigated" an assault against him by unidentified Dallas County jailors.[1] Plaintiff has filed a written response to the motion and this matter is ripe for determination.

A motion to dismiss under Fed. R. Civ. P. 12(b)(6) "is viewed with disfavor and is rarely granted." *Lowrey v. Texas A&M University System*, 117 F.3d 242, 247 (5th Cir. 1997), *quoting Kaiser Aluminum & Chemical Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982), *cert. denied*, 103 S.Ct. 729 (1983). A district court may dismiss a complaint "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the

---

[1] To the extent plaintiff asserts a medical care claim and attempts to sue defendant in his official capacity, defendant also moves for dismissal of those claims. In his response, plaintiff clarifies that he does not sue for denial of medical care and that the excessive force claim is brought against defendant in his individual capacity only. (*See* Plf. Resp. at 2, 5).

allegations." *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 2232, 81 L.Ed.2d 59 (1984). The complaint must be liberally construed in favor of the plaintiff and the allegations contained therein must be taken as true. *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996).

After screening plaintiff's *pro se* complaint and interrogatory answers, the court determined that summary dismissal was not proper. Implicit in that decision was a finding that plaintiff had articulated sufficient facts to survive a motion to dismiss under Rule 12(b)(6). *See* 28 U.S.C. § 1915A(b)(1) (court may summarily dismiss prisoner civil rights action for failure to state a claim upon which relief can be granted). Moreover, in his response to the motion, plaintiff alleges that defendant conspired with unknown Dallas County jailors to assault him. (*See* Plf. Resp. at 4-5). Without suggesting a view of the merits of the arguments presented by defendant in another procedural context, such as a motion for summary judgment, the court concludes that dismissal is not proper at the pleading stage.[2]

For these reasons, defendant's motion to dismiss [Doc. #16] is denied. Defendant shall serve an answer within 10 days from the date of this order. *See* Fed. R. Civ. P. 12(a)(4)(A).

SO ORDERED.

DATED: December 15, 2006.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE

---

[2] The court notes that the only case cited by defendant in support of his argument that dismissal is warranted for failure to allege that he personally participated in the assault, *Nolen v. Minden Police Dept.*, 48 Fed.Appx. 481, 2002 WL 31049579 (5th Cir. Sept. 6, 2002), *cert. denied*, 123 S.Ct. 531 (2002), was decided on summary judgment.